IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES HAROLD HUGHES | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv109 |
| SERGIO PEREZ | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Harold Hughes, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Sergio Perez. Defendant was the warden of the Polunsky Unit, where Plaintiff was formerly incarcerated. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

In his Complaint (doc. #1), Plaintiff states that on June 11, 2019, he was found guilty of the disciplinary offense of possessing 100 copies of pornographic images in the office of Major Jody Vincent. He asserts he has never been in Major Vincent's office and that he was in pre-hearing detention at the time he was supposed to be in the major's office. Plaintiff states the images were not put into evidence at his disciplinary hearing. As a result of his disciplinary conviction, Plaintiff lost the privilege of working in the craft shop. He states he was therefore no longer able to earn money by working there and that a large amount of his tools and materials were stolen.

Plaintiff alleges that after he filed grievances concerning his disciplinary conviction, he learned Sergeant Tasha Sykes was using an inmate named Logan to go around and set up inmates she did not like. He states he was targeted because Captain Christopher Gibson had asked him on several occasions to make dog houses for him for $50 and he had refused. Plaintiff asserts Captain Gibson and Sergeant Sykes are best friends. He states he was also targeted because he refused

requests from officers to make items cheaply for them and because he concentrates on building bridges with several communities in Houston rather than making items for officers.

Plaintiff alleges that on June 6, the day before he allegedly possessed the pornographic images, Mr. Logan came to his cell with a folder or large envelope containing pornographic images. He attempted to sell them to Plaintiff. However, Plaintiff refused to buy the items and went back to sleep. Plaintiff states that minutes later, Sergeant Sykes removed Plaintiff and his cell mate from the cell. She then took Plaintiff to pre-hearing detention. Plaintiff received notice of the disciplinary case against him the next day.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id*. at 555.

## Analysis

A civil rights plaintiff must enunciate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff does not allege Defendant Perez participated in the events described in his Complaint. As a result, plaintiff has not demonstrated personal involvement on the part of Defendant.

Plaintiff alleges Defendant failed to properly supervise the prison officials named above. In a action brought pursuant to Section 1983, supervisory officials are not liable for the actions of their subordinates on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only if either of the following exists: (1) his personal

involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* at 304.

As stated above, plaintiff's allegations fail to demonstrate Defendant was personally involved in the actions described in the Complaint. Further, plaintiff has not shown Defendant implemented a constitutionally deficient policy that led to the harm he suffered. Plaintiff has therefore failed to state a claim against Defendant upon which relief may be granted.

## Recommendation

The civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 28th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE